Filed 1/12/26  P. v. Shell CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B344682 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA084967) |
| v. | |
| BILLIE DUREYEA SHELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Nancy Haydt, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Billie Dureyea Shell appeals following a resentencing pursuant to Penal Code[1] section 1172.75. Shell's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Shell filed a supplemental brief which we address below. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On May 15, 2014, a jury convicted Shell of the second degree murder of his wife (§ 187, subd. (a)), which occurred at a business they jointly operated, and found true firearm enhancement allegations (§ 12022.53, subds. (b)-(d)). Following a bifurcated trial on priors, the court found Shell had suffered two prior strike convictions pursuant to the Three Strikes law (§§ 667, subds (b)-(i), 1170.12, subds. (a)-(d)), had two prior serious felony convictions (§ 667, subd. (a)(1)), and had served five prior state prison terms (§ 667.5, former subd. (b)).

On June 12, 2014, the court sentenced Shell to an aggregate term of 85 years to life imprisonment. For the second degree murder count, the court sentenced Shell to 70 years to life (15 years to life multiplied by three for the prior strikes, plus a consecutive 25 years to life for the firearms enhancement). The court imposed two five-year consecutive terms for the prior convictions under section 667, subdivision (a)(1), and five one-year consecutive terms under section 667.5, subdivision (b).

Shell appealed. We affirmed the judgment of conviction but ordered the trial court to modify Shell's sentence by striking one of the section 667.5, subdivision (b) enhancements, which reduced

---

[1] Unspecified statutory references are to the Penal Code.

his sentence to 84 years to life.  (*People v. Shell* (B257034, Oct. 23, 2015) [nonpub. opn.].)

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.), which declares that the one-year sentence enhancement previously imposed for prior prison terms is invalid—except when the prior prison term was imposed for a sexually violent offense—and provides a procedure for recalling and resentencing defendants whose sentences include the invalid enhancement.  (See generally § 1172.75.)

The Department of Corrections and Rehabilitation notified the court that Shell was eligible for resentencing (see § 1172.75, subd. (b)), and in January 2025, Shell's appointed counsel filed a motion for a full resentencing.  The court recalled Shell's sentence and struck the four one-year terms imposed pursuant to section 667.5, former subdivision (b).  After conducting a full resentencing hearing, it denied Shell's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike his two strike convictions.  Pursuant to section 1385, the court struck the two five-year enhancements for the prior serious felony convictions.  The court resentenced Shell to 70 years to life, consisting of 45 years to life for the second degree murder conviction (15 years to life multiplied by three) plus a consecutive term of 25 years to life for the firearm enhancement.

Shell timely appealed, and we appointed counsel to represent him.  Shell's appellate counsel found no arguable issues to raise on appeal.  Counsel informed Shell of her intention to file a brief pursuant to *People v. Delgadillo* and of Shell's right to file a supplemental brief, and provided him with a copy of the appellate record and her *Delgadillo* brief.  Shell thereafter filed a supplemental brief, which we have read and considered.

## DISCUSSION

When appointed counsel files a brief in an appeal from the denial of postconviction relief that identifies no issues on appeal and the defendant files a supplemental brief, we are "required to evaluate the specific arguments presented in [the defendant's supplemental] brief." (*People v Delgadillo, supra*, 14 Cal.5th at p. 232.) We are not, however, required to conduct an independent review of the record to identify arguable issues. (*Ibid*.) Although we have discretion to conduct an independent review, we decline to do so in this case.

In his supplemental brief, Shell asserts no claims of error regarding his resentencing. He instead raises the following contentions concerning his 2014 trial: "1. The person named Silver that was there at the time who tr[i]ed to set the business up for a robbery (this was never looked at) he is in the report but never was told why. [¶] 2. The [c]am[e]ra footage I asked for in tr[ia]l so that could see what happen [*sic*] in the business[.] [¶] 3. The fact that she was following me out of the business but the bullets came from behind her not in front of her[.] [¶] 4. The fact that the first call from the business was made & hung up to the police [b]y me." These assertions are not cognizable on appeal from a resentencing pursuant to section 1172.75, and we therefore do not address them. (Cf. *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [petition for resentencing under postconviction ameliorative sentencing statute "does not afford the petitioner a new opportunity to raise claims of trial error"].)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.